R ✓
ORIGINAL

# 15328

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

SEP 2 8 2007

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LORI MARTIN,** | § | |
| | § | |
| **Plaintiff,** | § | **3-07CV1663-R** |
| | § | |
| **v.** | § | CIVIL ACTION NO. _____ |
| | § | |
| **UT SOUTHWESTERN MEDICAL** | § | |
| **CENTER** | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF LORI MARTIN'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Lori Martin, and files this, her Original Complaint, against Defendant UT

Southwestern Medical Center ("Defendant") and would respectfully show the Court as follows:

### I.

### PARTIES

1.      Lori Martin ("Martin" or "Plaintiff") is an individual and resident of Collin County, Texas.


2.      Defendant UT Southwestern Medical Center ("UTSW") is a state agency of the State of

Texas and may be served with process by serving its President, Kern Wildenthal, M.D., Ph.D., UT

Southwestern Medical Center, 5323 Harry Hines Boulevard, Dallas, Texas 75390-9002.

## II.

## JURISDICTION

3.      This is an action arising out of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.*, and 42 U.S.C. §§ 1981 and 1983.   As such, this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(3) and (4).  The Court has pendent jurisdiction over the State law claims pursuant to 28 U.S.C. § 1367(a).

## III.

## VENUE

4.      Venue is proper in this Court under 42 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in this District.

## IV.

## INTRODUCTION

5.      This is a civil action seeking money damages, declaratory and other legal and equitable relief to redress violations of Plaintiff's rights under the laws of the United States.  Plaintiff has suffered discrimination on the basis of sex.  As a female temporary employee of UTSW she was subjected to sexual harassment by Thomas Dillon, an employee of UTSW that Plaintiff believed to be in a managerial position. Such actions are a violation of 42 U.S.C. § 2000(e) *et. seq.*  Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 1981 and 1983 and the Texas Labor Code § 21.051.  In addition, when Plaintiff sought to exercise her lawful rights in making a complaint to her supervisor and UTSW officials, she was

subsequently discharged of her assignment. Such conduct is a further violation of Plaintiff's rights under Title VII.

6.     Because of the acts and omissions of the Defendant and/or its failure to comply with statutory and/or constitutional duties and violations of the rights of Plaintiff, the Plaintiff has sustained damages.

## V.

## STATEMENT OF FACTS

7.     Plaintiff Lori Martin was a nurse working a contract temporary assignment with UT Southwestern Medical Center ("UTSW") through The Quest Group. Martin started her assignment with UTSW on or around May 5, 2006 and worked until her discharge on July 19, 2006.

8.     On July 14, 2006, Martin arrived at UTSW Clinical Building #2 for computer training on the new system. Martin received one on one training with UTSW employee Thomas Dillon. Within several minutes of starting the training, Dillon began to ask Martin questions regarding her personal life. At one point during the training session, Dillon placed his hand on top of Martin's hand while she maneuvered the computer mouse. Dillon made the comment, "I just wanted to touch/hold your hand."

9.     When the computer training session was concluded with Dillon, Martin immediately returned to her assigned location at the UTSW Simmons Cancer Center and reported the incident to her direct supervisor, Rita Powell. Martin was informed of UTSW's procedures for reporting claims of sexual harassment, provided with a copy of UTSW's anti-harassment policy, and was directed to contact UTSW Assistant Vice President Vernon Mullen in the Office of Equal Opportunity and Minority Affairs. Martin

contacted Mullen on July 17, 2006 and spoke with Mullen and another female representative in Mullen's office. Mullen advised Martin that he was aware of the July 14 incident with Dillon because other management officials had advised him. Martin scheduled an appointment to meet with Mullen on July 18, 2006 at 11:00 a.m.. After consulting with her own counsel, Martin called Mullen on July 18, 2006 to reschedule the meeting, but Mullen never returned Martin's call. Martin subsequently was discharged on July 19, 2006.

10.    Although UTSW contends that Martin had been scheduled to end her assignment because her services were no longer needed, Martin states UTSW had been considering her for permanent employment and had recommended her for employer-sponsored training.

11.    Martin, then exercised her lawful rights under state and federal legislation and on October 4, 2006, Plaintiff filed a charge of discrimination ("EEOC Charge") alleging the retaliation against her complaint about the sexual harassment she experienced by Dillon.

12.    As a result of the Defendant's actions, Plaintiff has suffered the loss of income, benefits, and retirement and future employment in the growing UTSW medical conglomerate as a result of Defendant's unlawful conduct and has suffered significant emotional distress and stress from the conduct.

## VI.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13.    Martin timely filed complaints with the Equal Employment Opportunity Commission ("EEOC") against Defendant within 300 days of Defendant's adverse employment decision complaining of racial, sex/gender and age discrimination.

## VII.

### FIRST CAUSE OF ACTION

### <u>Federal Claim — Sexual Discrimination Under Title VII - Against UTSW</u>

14.     Martin incorporates Paragraphs 1 through 26 by reference as if fully set forth herein verbatim.

15.     Under Title VII, an employer commits an unlawful act if the employer:

(1)     fails or refuses to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2)     limits, segregates, or classifies its employees or applicants for employment in any way that would deprive or tend to deprive any individual of employment opportunities, or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a).

16.     UTSW's actions constitute unlawful employment practices under Title VII. As a direct and proximate result of UTSW's actions, Martin suffered and continues to suffer personal embarrassment, injury to reputation, mental anguish and loss of income, in the past and present, that are in excess of the jurisdictional limits of this Court, and additional pecuniary injury in the loss of retirement, pension and disability.

## VIII.

## SECOND CAUSE OF ACTION
## RETALIATION

17.     Martin incorporates by Paragraphs 1 through 16 by reference as if set forth herein verbatim.

18.     Subsequent to the making of her initial complaint of discrimination on July 14, 2005, the Defendant, has retaliated against her because she sought employment related discriminatory relief as provided for by law and made a report of sexual harassment.

## IX.

## THIRD CAUSE OF ACTION

## State Claim — Employment Discrimination

19.     Martin incorporates Paragraphs 1 through 18 by reference as if fully set forth herein verbatim.

20.     Under Texas Labor Code § 21.051, an employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer:

   (1)     fails or refused to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation on the terms, conditions, or privileges of employment; or

   (2)     limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee.

21.     UTSW's actions constitute unlawful employment practice under the Texas Labor Code.

22.     As a direct and proximate result of UTSW's action, Martin suffered and continues to suffer personal embarrassment, injury to her reputation, mental anguish and loss of income, in the past and future, that are in excess of the minimal jurisdictional limits of this Court, and additional pecuniary injury in the loss of retirement, pension and disability benefits.

## X.

## ATTORNEYS' FEES

23.     As a consequence of the above-described facts, and in furtherance of the enforcement of Martin's rights, duties and obligations with respect to her employment, it was necessary for Martin to retain the undersigned attorneys. Martin hereby seeks to recover for all reasonable and necessary attorneys' fees and costs incurred in enforcing said rights and duties.

24.     Pursuant to 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, as amended, Martin hereby requests that she be awarded her reasonable attorneys' fees and costs incurred in prosecuting this action.

## XI.

## JURY DEMAND

25.     Martin hereby demands a trial by jury of all issues contained herein.

## XII.

## EXEMPLARY AND PUNITIVE DAMAGES

26.     Martin request exemplary and punitive damages for Defendant's conduct.  She seeks recovery of these damages in order to penalize Defendant for its willful, outrageous, malicious, and

otherwise morally culpable conduct and to deter it from such conduct in the future. It did not exercise reasonable care to either prevent or remedy the discrimination suffered by Plaintiff. UTSW terminated her employment in retaliation against her complaint of sexual harassment by Dillon. As such, Plaintiff is entitled to recover exemplary and punitive damages.

## XV.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that Defendant be cited to appear and answer, and that on final trial of this matter, Plaintiff recover the following:

(1)     Entry of judgment in her favor and against Defendant for all actual damages alleged herein in an amount to be determined at trial, all attorneys' fees and costs that are reasonable and necessary, plus all pre- and post-judgment interest as allowed by law.

(2)     All reasonable and necessary attorneys' fees.

(3)     All costs of suit.

(4)     Exemplary damages.

(5)     Such other and further relief to which Plaintiff may be justly entitled, both at law and in equity, whether specific or general.

Here:

JS 44 (Rev. 11/04)

**CIVIL COVER SHEET**

ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| LORI MARTIN | **3-07CV1663-R** <br> UT SOUTHWESTERN MEDICAL CENTER <br> a municipality of the State of Texas |

| (b) County of Residence of First Listed Plaintiff _____Collin County, TX_____ <br> (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____Dallas County, Texas_____ <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
|---|---|

| (c) Attorney's (Firm Name, Address, and Telephone Number) <br> Steven K. DeWolf Bar 05671200, Barbara L. Emerson Bar 06599400, <br> Bellinger & DeWolf, 10000 N. Central Expwy, #900 Dallas, TX 75231 | Attorneys (If Known) |
|---|---|

RECEIVED

SEP 2 8 2007

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:  Title VII Discrimination and Retaliation

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) PENDING OR CLOSED** (See instructions):
JUDGE _____None_____
DOCKET NUMBER _____None_____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 9-23-07 | _(signature)_ |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

JS 44 Reverse (Rev. 10/06)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.      (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.      Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.      Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.      Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.      Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.      Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**                Example:  U.S. Civil Statute: 47 USC 553
                                                      Brief Description: Unauthorized reception of cable service

**VII.      Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.      Related Cases.** This section of the JS 44 is used to reference other cases that are related to this filing, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is "related" to this filing if the case: (1) involves some or all of the same parties and is based on the same or similar claim; (2) involves the same property, transaction, or event; (3) involves substantially similar issues of law and fact; and/or (4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.